UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVANS J. S.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C24-5315 RSM

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

       This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint as untimely pursuant to Federal Rules of Civil Procedure 12(b)(6). Dkt. 9. After considering the record, the Court **GRANTS** Defendant's Motion and **DISMISSES** this case with prejudice.

## BACKGROUND

       On May 26, 2023, an Administrative Law Judge (ALJ) issued a decision denying Plaintiff's applications for Disability Insurance Benefits and Supplementary Security Income. Dkt. 9-2 at 1–28. In a notice dated February 16, 2024, the Appeals Council denied Plaintiff's request to review the ALJ's decision. Dkt. 9-3 at 1–7. Plaintiff filed a complaint in this matter on April 26, 2024. Dkt. 1.

## DISCUSSION

       A claimant may obtain judicial review of a final decision of the Social Security

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 1

Administration by commencing a civil action "within sixty days after the mailing to him of notice" of the decision or within any additional time the Commissioner allows. 42 U.S.C. § 405(g). The time by which the claimant must commence a civil action "may be extended by the Appeals Council upon [the claimant's] showing of good cause." 20 C.F.R. § 422.210(c). It is presumed the claimant receives the Appeals Council's notice of decision five days after the date on the notice, "unless there is a reasonable showing to the contrary." *Id.*

In this case, the ALJ issued a decision finding Plaintiff not disabled on May 26, 2023. Dkt. 9-2 at 1. The Appeals Council's denial of Plaintiff's request to review the ALJ's decision was dated February 16, 2024, therefore it is presumed Plaintiff received the notice on February 21, 2024. Dkt. 9-3 at 1–7. The record does not indicate, and Plaintiff does not allege, that he received the notice of denial beyond the presumed five-day period, or that he requested to extend the 60-day deadline. Plaintiff, therefore, was required to file a complaint by April 22, 2024,[1] but did not do so until April 26, 2024. *See* Dkt. 1. Under the 60-day time restriction set forth in 42 U.S.C. § 405(g), Plaintiff's filing was untimely.

The 60-day statute of limitations must be strictly construed, but is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 479, 481 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). Equitable tolling focuses on whether there was "excusable delay" by the plaintiff and "may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). The Court may apply equitable tolling where a plaintiff shows that he has

---

[1] The 60-day time restriction fell on April 21, 2024, but because that day is a Sunday, Plaintiff had until April 22, 2024, a Monday, to file his complaint. *See* Fed. R. Civ. P. 6(a)(1)(C) (when the last day of a time period falls on "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 2

been pursuing his rights diligently, but some extraordinary circumstance has stood in his way. *Harris v. Carter*, 515 F.3d 1051, 1054-55 (9th Cir. 2008) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Plaintiff explains his four-day delay was "due to a new secretary in the office which incorrectly calculated the statute of limitations." Dkt. 10 at 1. "Federal courts have typically extended equitable relief only sparingly…." *See Irwin v. Dep't of Veterans Affs*., 498 U.S. 89, 96, (1990). For example, the Ninth Circuit applied equitable tolling when claimants "were denied the fair and neutral procedure required by the statute and regulations" from pursuing benefits. *Bowen*. 476 U.S. at 488. The Ninth Circuit also applied equitable tolling after finding the agency had misled a claimant about extension requests. *See Vernon*, 811 F.2d at 1278. "[Courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96. Plaintiff's untimely filing due to a miscalculation of dates is neither a showing of due diligence nor an extraordinary circumstance under which the statute of limitations should be equitably tolled.

Plaintiff argues his error "creates no prejudice to the Court nor the Defendant" because it "resulted in a mere 4 day delay." Dkt. 10 at 1. Courts in this circuit have dismissed cases when a plaintiff's filing was delayed for less than four days. *See Thompson v. Colvin*, No. 3:16-CV-05442-KLS, 2016 WL 6126028, at *3 (W.D. Wash. Oct. 19, 2016) (dismissing case commenced three days after filing deadline); *Harris v. Colvin*, No. 3:15-CV-05575-RBL, 2015 WL 9302910, at *2 (W.D. Wash. Dec. 18, 2015) (same); *see also Tate v. United States*, 437 F.2d 88, 89 (9th Cir. 1971) (finding action commenced two days late properly dismissed). Further, because Plaintiff does not direct the Court to any authority making an exception to the time restriction set forth under 42 U.S.C. § 405(g), the Court rejects Plaintiff's argument.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 3

**CONCLUSION**

Based on the foregoing reasons, the Court finds that Plaintiff's Complaint was untimely filed, and Plaintiff provided no basis to apply equitable tolling. Accordingly, the Commissioner's Motion to Dismiss is **GRANTED** and this case **DISMISSED** with prejudice.

DATED this 16th day of September, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE